UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BAKER,, <br>                   Plaintiffs, <br> v. <br> PAUL FISHMAN, et al., <br>                   Defendants. | Civil Action No. 14-7583 (PGS) (TJB) <br><br> **MEMORANDUM AND ORDER** |

This case has come before the Court on a civil rights Complaint filed by Plaintiff Ralph Baker, asserting that his constitutional rights have been violated by Defendants. The Court previously dismissed the Complaint, finding that subsequent numerous filings by Plaintiff made it impossible to determine what claims Plaintiff seeks to assert. ECF No. 13 at 1. As such, the Court ordered that Plaintiff file an amended complaint to consolidate all of his claims. *Id.* However, the Court cautioned that Plaintiff should be mindful of the joinder rules, Rules 18 and 20, under the Federal Rules of Civil Procedure when filing his amended complaint. *Id.* at 1-2.

Presently before the Court is Plaintiff's Amended Complaint. ECF No. 15. It appears that Plaintiff completely ignored the joinder rules. Federal Rules of Civil Procedure states that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, it also limits the joinder of defendants. Rule 20(a)(2) states that "persons . . . may be joined in one action as defendants if: (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); *see also Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009) (finding that Rule 20 applies to prisoners); *McDaniel v. Lanigan*, No. 12–

1

3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20). Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012).

But this application, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam)); *see also Miller v. Lanigan*, No. 12–4470, 2013 WL 1750138, at *2 (D.N.J. Apr. 23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading in violation of Rule 18 and 20). Although Rule 18 allows a plaintiff to join as many claims as he has against a defendant in a complaint, whether they are related, independent, or otherwise, when a plaintiff seeks to join multiple *defendants* in a case, Rule 20 controls. *Marrakush Soc'y v. N.J. State Police*, No. 09-2518, 2009 WL 2366132, at *28 (D.N.J. July 30, 2009) (citing 7 Charles Allen Wright et al., *Federal Practice & Procedure Civil* § 1655 (3d ed. 2009)). "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." *Id.* at *28 (citing Wright et al., *supra*); *see Ross v. Meagan*, 638 F.2d 650 n.5 (3d Cir. 1981), overruled on other grounds by *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). No claims addressing unrelated events, be these claims jammed into a single set of pleadings or spread among multiple complaints submitted for filing in the same matter, could satisfy the requirements of Rules 18 and 20. *Marrakush*, 2009 WL 2366132, at *27.

2

In case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed. R. Civ. P. 21).

Here, in Plaintiff's own words, is a sampling of the alleged claims that he is asserting in the Amended Complaint:

> Plaintiff Ralph Baker hereby brings this law suit pursuant to U.S.C. 1983, 1985, 1986. This Court has jurisdiction under 28 U.S.C. 1331, 1343. Plaintiff Ralph baker also seeks a declaratory judgment. The scope of this suit, revolves around the failure of the State to allow legal mail reaching the office of the President of the United States Honorable Barak Obama, for Presidential Pardon; Plaintiff was denied medical treatment for Hepatitis C, threats made against the Plaintiff's life from prison staff and officials, State officials denial of appointing Counsel; failure of the State to comply with this Court's directive to afford State appeal, and Post Conviction Relief, the open conspiracy from the New Jersey Public Defender, aiding the State Prosecutions, denial of legal documents seized at the State maximum security prison, which are needed, and the release of the entire habeas Corpus File, to secure necessary documents filed on habeas Corpus. The reimbursement of funds seized pursuant to indigency, and the reimbursement of funds allotted which would allow purchase of these same federal documents, in a period of three (3) consecutive years. Failure to protect. Plaintiff from hostilities of Prison Staff. Failure ensure that medical stroke theraphy is given, for after stroke care, heart medications and premature release from cardiac care unit.at St. Francis Medical center, contractee of the New Jersey State Prison. Misdiagnosis of cancer and fluid on the lungs. The notification to Plaintiff family that he was expire on an immediate bass, and.to prepare for his pending death. The sexual harassman by male officers within the prison complex, while Plaintiff is not homosexual (Homosexuality is against the tents within the core content of the Islam belief system, and prohibited by Qur'anic law and against the principles established in the Islamic Shariah), and failure to allow Plaintiff to adhere to his Islamic religious beliefs, and Islamic services. The failure to correction Classification Files, a liberty interest, for community release, prison transfer, and objective scoring under the New Jersey Legislature Objective Score card and Classification of Prisons. To add 71 years to Plaintiff Prison record, and the same was addressed to the State Judge who resided over the State Trials, and that Middlesex County Superior on Indictment No. 02-10-1239 Court failed to respond, instead dismissed the Post Conviction Order. Pursuant to this Court prior mandate to Plaintiff Baker.

ECF No. 15 at 2-3 (mistakes in the original). No legal expertise is required to see that Plaintiff is attempting to lump completely unrelated claims and completely unrelated defendants together into one single "omnibus" complaint—for example, it is difficult to see how claims against the public defenders would be related to the claims and defendants for the denial of medical services, or how any of them would be related to the alleged mail tampering of Plaintiff's request for Presidential pardon. It would appear that the Court's previous caution regarding improper joinder fell on deaf ears. Accordingly, the Court finds that the Amended Complaint is defective for improper joinder.

Although the Third Circuit instructs this Court to either dismiss unrelated defendants from the case or sever the pleading into separate actions, given the comprehensive and all-encompassing nature of the Amended Complaint, it is impossible for the Court to determine Plaintiff's intent in deciding what defendants to dismiss, or how to sever the multitude of claims. Therefore, the Court hereby directs Plaintiff to amend the pleading again, to assert only claims that would comply with the joinder rules—to assert other unrelated claims, Plaintiff *must* file separate complaints. If Plaintiff cannot or refuses to amend the pleading to adhere to the joinder rules, the Court may have no choice but to dismiss the action. *See* 28 U.S.C. § 1915A.

IT IS therefore on this 29 day of March, 2017,

ORDERED that within 45 days from the date of this Order, Plaintiff shall file an amended complaint that is consistent with the holdings above; it is further

ORDERED the Clerk shall **ADMINISTRATIVELY TERMINATE** this matter for docket management purposes; the Court will reopen the matter once an amended complaint that complies with the joinder rules has been filed; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

*[signature]*

**Peter G. Sheridan**
**United States District Judge**