# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BAKER,,<br><br>  Plaintiff,<br><br>v.<br><br>PAUL FISHMAN, et al.,<br><br>  Defendants. | Civil Action No. 14-7583 (PGS) (TJB)<br><br>**MEMORANDUM AND ORDER** |

This case has come before the Court on a civil rights Complaint filed by Plaintiff Ralph Baker, asserting that his constitutional rights have been violated by Defendants. The Court had rejected two previous pleadings by Plaintiff for failure to state a claim and improper joinder, but afforded him opportunities to amend. Presently before the Court is Plaintiff's Third Amended Complaint ("TAC"). ECF No. 44. Also before the Court is Plaintiff's *in forma pauperis* application, filed together with the original Complaint but apparently has yet to be ruled upon, which the Court now grants. ECF No. 1-1. Because Plaintiff is proceeding *in forma pauperis*, the Court must review the TAC pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing,

1. Plaintiff names as defendants (1) Steven Johnson, Administrator of the New Jersey State Prison ("NJSP"); (2) Doctor Ihumma Naachuku, M.D., head of the Medical Clinic at NJSP; (3) Doctor Russell Freid, M.D., a physician at the St. Francis Medical Center; (4) Michael Piecuch and (5) Barman Vladislav, medical residents at the University Hospital in Newark, New Jersey; (6) Marci L. Marsker, Clinician Administrator at the University of Medicine and Dentistry of New

1

Jersey ("UMDNJ"); (7) Kathy Trillo, employee of UMDNJ; (8) Doctor Abu Ahsan, M.D., employee of UMDNJ; (9) UMDNJ; (10) Rutgers University; (11) New Jersey Department of Corrections ("NJDOC"); (12) Gary Lanigan, Commissioner of NJDOC; (13) Jeremy Burg, a nurse employed by Rutgers; (14) Lace Carter, a nurse employed by Rutgers; (15) Correctional Medical Services ("CMS"), a provider of inmate healthcare for the NJSP; (16) Alejandrina Sumicad, employee of UMDNJ; (17) Susan Spangler, employee of UMDNJ; and (18) St. Francis Medical Center ("St. Francis"). These are defendants Plaintiff lists in the body of the TAC. To the extent any other defendants are listed in the case caption but not listed herein, the Court deems Plaintiff's claims against such defendants abandoned on the account of the newly filed amended complaint. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 705 n.2 (1982) (Brennan, J., concurring in judgment) ("[O]nce accepted, an amended complaint replaces the original."); *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.").

2. According to the TAC, Plaintiff has been in and out of the New Jersey prison system since at least 1990, with his latest stint in the NJSP since 2009. During this latest stint, Plaintiff was diagnosed with prostate cancer. The TAC alleges that not only has Plaintiff received inadequate medical care during his current stint of incarceration for a variety of ailments including his cancer, he also received inadequate medical care during his previous incarcerations because his cancer should have been detected earlier. Plaintiff also alleges that he is seeking a medical clemency from the governor.

3. The Court dismisses all § 1983 claims regarding the failure to detect his cancer during his previous incarcerations. To state a denial of medical services claim under the Eighth Amendment, it is not enough a plaintiff alleges that he received inadequate care—he must also establish that the

2

defendants acted with deliberate indifference with regard to the provision of inadequate care. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). As such, mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011).

4. Here, Plaintiff's allegations regarding the failure to detect his cancer falls far short of establishing a constitutional violation. There is no allegation that any defendant deliberately ignored clear warning signs of cancer before 2009, or that they had actual knowledge of the cancer and simply hid that fact from Plaintiff. Plaintiff asserts the various doctors that treated him during his previous incarcerations should have detected his cancer, but that amounts to at best a medical malpractice claim, not a constitutional claim. As such, all denial of medical services claims regarding the failure to detect his cancer are dismissed without prejudice.

5. The TAC further alleges that various defendants violated his constitutional rights when they interfered and impeded his attempts to obtain a medical clemency from the governor. The Court dismisses these claims because a convict has no constitutional right to clemency for *any* reason. "There is no right under the Federal Constitution to be . . . released before the expiration of a valid sentence[.]" *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). The allegations do not state a constitutional violation, because the right asserted does not exist.

6. The Court also dismisses any denial of medical services claims that may have accrued before December 5, 2012, two years prior to the filing of the original Complaint, as time-barred. Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384,

387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.* Here, any claims regarding incidents of inadequate medical care that accrued before December 5, 2012 should have been raised earlier, and because they were not, Plaintiff's claims of inadequate medical care must be limited to claims that accrued within the two years prior to the filing of the original Complaint. Any earlier-accrued claims are dismissed with prejudice as time-barred.

7. The Court additionally dismisses state-law tort claims against all defendants except CMS, St. Francis, and Freid. Under the New Jersey Tort Claims Act ("NJTCA"), when asserting a state tort claim against a public entity or a public employee, a plaintiff must give notice of the claim within ninety days after the cause of action has accrued. *See* N.J.S.A. § 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014).[1] This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004), as well as negligent conduct, *Velez v. City of Jersey City*, 180 N.J. 284, 292-93 (2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J.S.A. § 59:8-9; *see Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not

---

[1] Because CMS, St. Francis, and Freid are not public entities or public employees, NJTCA does not apply to claims against them. *Gomes v. Cty. of Monmouth*, No. L-2096-14, 2016 WL 1452892, at *1 (N.J. Sup. Ct. App. Div. Apr. 14, 2016) ("We hold that the Tort Claims Act . . . does not require service of such a notice upon a private government contractor.").

comply with this requirement are "forever barred" from recovering on their claim. *See* N.J.S.A. § 59:8-8. Notice is important because it provides state agencies the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices[.]" *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (quoting *Velez*, 180 N.J. at 293). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).[2]

8. Here, because Plaintiff claims relief under state law, he must follow established state procedures. *See Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("The District Court [] properly recognized that Murphy did not follow the proper procedure for bringing a [state law] claim . . . as required by state law."). There is no allegation in the TAC that Plaintiff filed the required notice of claims. Under New Jersey law, Plaintiff is required to file the notice of claims before he *initiates* any state law tort action against the public defendants. *See* N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate, at the time he filed the original Complaint, that such notice of claims had already been served. *See Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004) (holding that the notice requirement under the Tort Claims Act is a jurisdictional precondition to filing suit). No such demonstration has been made in the TAC. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . the grounds for the court's jurisdiction[.]"). Because there is no allegation that a notice of claims has been filed with the public defendants, Plaintiff has failed to establish, under Rule 8, that this Court has jurisdiction over Plaintiff's state law claims against them. Accordingly, Plaintiff's state law claims against the

---

[2] UMDNJ, now a part of Rutgers, *see* http://integration.rutgers.edu (last visited June 23, 2017), and Rutgers itself, are public entities protected by the NJTCA. *See Fine v. Rutgers, State Univ. of N.J.*, 163 N.J. 464, 468 (2000). Employees of public entities are also protected by the NJTCA. *See* N.J.S.A. § 59:8-3.

5

public defendants are dismissed for lack of jurisdiction. *See Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *7 (D.N.J. June 27, 2012) (dismissing plaintiff's state law tort claims for his failure to plead compliance with the notice requirement under the Tort Claims Act).

9. Finally, the Court dismisses all § 1983 claims against NJDOC, UMDNJ, Rutgers, CMS, St. Francis, Lanigan, and Johnson. First, NJDOC claims are dismissed because of Eleventh Amendment immunity. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."). With regard to UMDNJ, Rutgers, CMS, St. Francis, Lanigan, and Johnson, there is no *respondeat superior* liability against supervisors or employers in § 1983 suits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates[.]"); *Weigher v. Prison Health Servs.*, 402 F. App'x 668, 670 (3d Cir. 2010) (holding that a private corporation providing medical services at a state correctional facility cannot be held liable under a theory of *respondeat superior* in a § 1983 suit).[3] To state a claim against these defendants, Plaintiff must allege that they violated his constitutional

---

[3] Although the Court is constrained to follow the Third Circuit's non-precedential decision in *Weigher*, some courts have decided differently. *See, e.g., Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp. 2d 459, 472-73 (E.D. Tex. 2003); *Groom v. Safeway, Inc.*, 973 F. Supp. 987, 991 n.4 (W.D. Wash. 1997). As another court in this district opined:

> The policy considerations which prompted the Supreme Court to reject qualified immunity for private prison guards are the same considerations which suggest that private corporations providing public services, such as prison medical care, should not be immune from *respondeat superior* liability under § 1983. In the context of a claim that the deprivation of medical care amounted to a constitutional violation, proof of such claim would almost certainly prove a case of ordinary state law malpractice where *respondeat superior* would apply. It seems odd that the more serious conduct necessary to prove a constitutional violation would not impose corporate liability when a lesser misconduct under state law would impose corporate liability.

*Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 n.4 (D.N.J. 2000).

rights through they *own* actions, or promulgated *specific* policies that led to the constitutional violations. *See Ashcroft*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Caldwell v. Egg Harbor Police Dep't*, 362 F. App'x 250, 251 (3d Cir. 2010) (holding that to raise a policy claim, a plaintiff must identify the specific policy in question, not simply state generally that an unspecified policy exists). Plaintiff has not done so here against any of these defendants. Accordingly, all § 1983 claims against the aforementioned defendants are dismissed without prejudice.

10. The balance of the TAC, which consists of (1) denial of medical services claims against individual medical defendants with regard to Plaintiff's current incarceration, and (2) state law tort claims against non-public defendants, that accrued within the two years prior to the filing of the original Complaint, are permitted to proceed past screening.

IT IS therefore on this _30_ day of _June_ , 2017,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**; it is further

**ORDERED** that the Third Amended Complaint shall be filed; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk of the Court shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of the New Jersey State Prison in Trenton, New Jersey; it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua*

*sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid; each payment shall reference the civil docket numbers of the actions to which the payment should be credited; it is further

**ORDERED** that the Clerk shall **DISMISS** all defendants currently listed on the docket, but are not listed in Paragraph One above, from the case; the Clerk shall also **ADD** any defendants listed in Paragraph One that are not on currently listed on the docket; it is further

**ORDERED** that (1) all claims that accrued before December 5, 2012, (2) all § 1983 claims against NJDOC, and (3) all claims regarding medical clemency, are hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that (1) all claims regarding the failure to detect Plaintiff's cancer prior to 2009, (2) all state law tort claims against all defendants except CMS, St. Francis and Freid, and (3) all § 1983 claims against UMDNJ, Rutgers, CMS, St. Francis, Lanigan, and Johnson, are hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that UMDNJ, Rutgers, Lanigan, and Johnson are hereby **DISMISSED** from the case; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Third Amended Complaint and this Order upon the remaining defendants, with all costs of service advanced by the United States[4]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by defendants, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

---

[4] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
**Peter G. Sheridan**
**United States District Judge**