## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH BAKER,

        Plaintiff,

    v.

PAUL FISHMAN, et al.,

        Defendants.

Civ. No. 14-7583 (PGS-TJB)

**OPINION**

**PETER G. SHERIDAN, U.S.D.J.**

## I.    INTRODUCTION

This matter comes before the Court on Dr. Vladislav Bargman (improperly pled as Barman Vladislav) motion to dismiss Plaintiff Ralph Baker's claims against him. (ECF No. 66). For the following reasons, the motion is granted. The claims against Dr. Bargman are dismissed without prejudice, and Plaintiff may amend his complaint.

## II.    BACKGROUND

Plaintiff is currently incarcerated in New Jersey State Prison ("NJSP"), Trenton, New Jersey. He filed a complaint claiming his constitutional rights were violated by Defendants (1) Steven Johnson, Administrator of the New Jersey State Prison ("NJSP"); (2) Doctor Ihumma Naachuku, M.D., head of the Medical Clinic at NJSP; (3) Doctor Russell Freid, M.D., a physician at the St. Francis Medical Center; (4) Michael Piecuch and (5) Dr. Bargman, medical residents at the University Hospital in Newark, New Jersey; (6) Marci L. Marsker, Clinician Administrator at the University of Medicine and Dentistry of New Jersey ("UMDNJ"); (7) Kathy Trillo, employee of UMDNJ; (8) Doctor Abu Ahsan, M.D., employee of UMDNJ; (9) UMDNJ; (10) Rutgers University; (11) New Jersey Department of Corrections ("NJDOC"); (12) Gary

Lanigan, Commissioner of NJDOC; (13) Jeremy Burg, a nurse employed by Rutgers; (14) Lace

Carter, a nurse employed by Rutgers; (15) Correctional Medical Services ("CMS"), a provider of

inmate healthcare for the NJSP; (16) Alejandrina Sumicad, employee of UMDNJ; (17) Susan

Spangler, employee of UMDNJ; and (18) St. Francis Medical Center ("St. Francis"). (ECF No.

1). The Court had rejected two previous pleadings by Plaintiff for failure to state a claim and

improper joinder, but afforded him opportunities to amend. Presently before the Court is

Plaintiff's Third Amended Complaint ("TAC"). (ECF No. 44).[1]

According to the TAC, Plaintiff has been in and out of the New Jersey prison system

since at least 1990, with his latest stint in the NJSP since 2009. TAC at 3. Plaintiff has been

diagnosed with prostate cancer, Hepatitis C, and kidney damage. *Id.* The TAC alleges that not

only has Plaintiff received inadequate medical care during his current stint of incarceration for a

variety of ailments including his cancer, he also received inadequate medical care during his

previous incarcerations because his cancer should have been detected earlier. Plaintiff also

alleged that he was seeking medical clemency from former New Jersey Governor Christie, but

defendants were impeding his efforts by refusing to provide medical reports and letters.

The Court dismissed without prejudice Plaintiff's claims based on failure to detect his

cancer earlier because "[t]here [was] no allegation that any defendant deliberately ignored clear

warning signs of cancer before 2009, or that they had actual knowledge of the cancer and simply

hid that fact from Plaintiff." June 30, 2017 Opinion ¶ 4 (ECF No. 49). It also dismissed

Plaintiff's allegations that defendants were interfering with his efforts to obtain clemency from

the governor. *Id.* ¶ 5. It further dismissed any claims regarding incidents of inadequate medical

care that accrued before December 5, 2012; state-law tort claims against all defendants except

---

[1] A Fourth Amended Complaint was filed on May 5, 2017, but was stricken by order of the Court on May 26, 2017. (ECF No. 46).

2

CMS, St. Francis, and Freid; and all § 1983 claims against NJDOC, UMDNJ, Rutgers, CMS, St. Francis, Lanigan, and Johnson. *Id.* ¶¶ 6-9. It permitted denial of medical services claims against the individual medical defendants with regard to Plaintiff's current incarceration and state law tort claims against non-public defendants that accrued within the two years prior to the filing of the original Complaint to proceed. *Id.* ¶ 10.

Dr. Bargman filed a motion to dismiss the only remaining count against him, denial of medical care. The Court conducted oral argument on May 1, 2018, at which time Plaintiff appeared by telephone. Plaintiff informed the Court he had mailed an amended complaint to within the past few weeks, which had not been received by the Court, and indicated he wanted to amend his claims against Dr. Bargman.

### III.    LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine

whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## IV.    DISCUSSION

After this Court's June 30, 2017 opinion and order, the only claim remaining against Dr. Bargman is an Eighth Amendment denial of medical care claim.[2] The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Afdahl v. Cancellieri*, 463 F. App'x 104, 107 (3d Cir. 2012). "To prove this claim, 'evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003)).

A serious medical need is one that a doctor says requires treatment or that is so clear that a layperson would realize it needs a doctor's attention. *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment. . . . [I]f 'unnecessary and wanton infliction of pain,' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Ibid.* (quoting *Estelle*, 429 U.S. at 103, 105).

"'Allegations of medical malpractice are not sufficient to establish a Constitutional violation,' nor is '[m]ere disagreement as to the proper medical treatment.'" *Parkell*, 833 F.3d at

---

[2] The Court has not considered Dr. Bargman's affidavit in connection with this motion as it is extraneous to the pleadings.

337 (quoting *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)) (alteration in original). "In the Eighth Amendment context, 'deliberate indifference' is 'a subjective standard of liability consistent with recklessness as that term is defined in criminal law.' A prison official is deliberately indifferent if the official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* at 335 (quoting *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (en banc); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 229 (3d Cir. 2015)).

Plaintiff's factual allegations against Dr. Bargman are confined to two confusing paragraphs:

> The Fourth Defendant being . . . Barman Vladislav whose . . . resident practice was at University Hospital . . . Plaintiff Baker was scene [sic] for a second opinion, and conclusive results fo [sic] [prostate] Cancer. Which was indicated in a Gleasson [sic] Scoring [technique] showing 3/12 cores positive [for] Gleason 4*3=7 adenocarcinoma, the other 2 Gleasson [sic] 3 * 4 =. The byopsie [sic] was complicated by an infection that was treated with 14 days of Cipro per the patient. A bone scan was done on April 20, 2016 show no lesions suspicious for merastasis [sic]. Per outside urologist had multiple CT scans in the past.

> I the Plaintiff arrive back at University Hosp. for [further examination], to discuss robotic surgery, but was not told about any radiation treatment that could last fo [sic] five (5) days to treat the cancer. However I experienced acute incontinence (fetal difficulties) Upon engaging for return surgery . . . the urologist was no longer there.

TAC at 9. At oral argument, Plaintiff indicated he wished to amend his claims against Dr. Bargman to include allegations that he did not tell Plaintiff about chemotherapy or provide Plaintiff with chemotherapy.

Plaintiff's allegations against Dr. Bargman as stated in his complaint are unclear, but to the extent they can be discerned they do not rise to the level of an Eighth Amendment violation. The Court will therefore grant the motion to dismiss. Because Plaintiff has expressed a desire to amend his complaint, he may file a Fifth Amended Complaint within 30 days.

## V.   CONCLUSION

For the reasons stated above, the motion to dismiss is granted. The claims against Dr. Bargman are dismissed without prejudice, and Plaintiff file a Fifth Amended Complaint within 30 days.

An appropriate order follows.

DATED: 5/18 , 2018

PETER G. SHERIDAN
United States District Judge